IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:12-CV-171-GCM-DCK

| | |
|---|---|
| JEFFREY J. TOBOL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 10) and Defendant's "Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that the "Motion For Judgment On The Pleadings" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Jeffrey J. Tobol ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On July 31, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning May 1, 2007. (Transcript of the Record of Proceedings ("Tr." 17, 100-110). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 2, 2008, and again after reconsideration on September 2, 2009. (Tr. 17, 56-60, 65-73). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 65).

Plaintiff filed a timely written request for a hearing on or about October 12, 2009. (Tr. 17, 74 ). On June 17, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge John L. McFadyen ("ALJ"). (Tr. 17, 32-51). In addition, Charlie A. Edwards, Ph.D., a vocational expert ("VE"), and S. Janson Grimes, counsel for Plaintiff, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 10, 2010, denying Plaintiff's claim. (Tr. 14-26). Plaintiff filed a request for review of the ALJ's decision on October 10, 2010, which was denied by the Appeals Council on June 4, 2012. (Tr. 1-3, 10-12). The August 10, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 17, 2012. (Document No. 1). The Court entered a "Pretrial Scheduling Order" (Document No. 8) setting the time frame for the filing of the parties' cross motions for summary judgment.

Plaintiff filed a "Motion For Judgment On The Pleadings" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 11) on November 9, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 15) were filed February 7, 2013.

Also on February 7, 2013, Plaintiff filed a "…Response…" (Document No. 16). However, the undersigned notes that the "Pretrial Scheduling Order" (Document No. 8) did not provide for the filing of responses or replies to the cross motions for summary judgment, nor did Plaintiff request leave to file such a brief in response. <u>See</u> Local Rule 7.1 (E) ("In an action seeking judicial review of a final administrative decision, the court may enter a Scheduling Order providing for the filing of cross motions for summary judgment or other relief with no responsive or reply briefs allowed. . . . Examples of such actions include, but are not limited to, Social Security disability….").

The Honorable Graham C. Mullen was reassigned to this case on June 14, 2013. On June 24, 2013, the undersigned was assigned to this case as the referral magistrate judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between May 1, 2007, and the date of his decision.[2] (Tr. 17). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from May 1, 2007, through the date of his decision, August 10, 2010. (Tr. 25).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 25).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since May 1, 2007, his alleged disability onset date. (Tr. 19). At the second step, the ALJ found that Plaintiff had the following severe impairments: low back pain and lumbar disc disease; lumbar radiculopathy, left greater than the right; cervical disc disease; cervical spinal stenosis; myofascial pain; chronic thickening of the right rotator cuff insertion; and chronic pain syndrome. (Tr. 19).[3] The ALJ determined that the Plaintiff's "medically determinable mental impairments cause no more than 'mild' limitation" and were "nonsevere." (Tr. 22). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity "to perform the full range of sedentary work activity as defined in 20 CFR 404.1567(a) and 416.967(a)." (Tr. 23). The Code of Federal Regulations ("CFR") defines sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

20 CFR 404.1567(a). See also, Ross v. Colvin, 1:12-cv-319-RJC, 2013 WL 4495138 at *2, n.4 (quoting SSR 96-9P) ("'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8–hour workday. Sitting would generally total about 6 hours of an 8–hour workday.").

In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. 23). The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Id.

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work as a self-employed plumber (skilled, heavy work) and a floor installer (semi-skilled, medium work). (Tr. 24-25). At the fifth and final step, the ALJ concluded "[b]ased on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience," that "Medical –Vocational Rule 201.28" directed a finding of "not disabled." (Tr. 25). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 1, 2007, and the date of his decision, August 10, 2010. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ's RFC determination is not supported by substantial evidence because it is inconsistent with his own findings; (2) the ALJ's RFC determination is not supported by substantial evidence because

it conflicts with other evidence of record, and failed to consider Plaintiff's alleged left knee impairment; and (3) the ALJ improperly relied on the Medical Vocational Guidelines. (Document No. 11). The undersigned will discuss each of these contentions in turn.

## A.   Plaintiff's RFC

Plaintiff essentially alleges two errors in the ALJ's assessment of Plaintiff's RFC.

### 1.   Consistency With ALJ Findings

In his first assignment of error, Plaintiff argues that the ALJ's decision that Plaintiff could perform "the full range of sedentary work" is inconsistent with the ALJ's purported finding that Plaintiff "is not capable of the full range of sedentary work because he cannot perform overhead work or prolonged sitting." (Document No. 11, p.10). In support of this argument, Plaintiff relies on the following text from the ALJ's decision:

> While the claimant has pain is unable to use his arms for overhead work or perform work requiring prolonged standing or sitting, there is no objective evidence documenting an impairment or combination of impairments of such severity as would preclude work in the sedentary range of exertion.

(Tr. 24); see also, (Document No. 11, p.10).

Defendant contends that the "ALJ's statement, recounted above, was made in the portion of the ALJ's decision setting forth his credibility assessment" and "is a scrivener's error." (Document No. 15, p.4). Defendant suggests that, taken in context, it is fair to infer that the ALJ meant to say that,

> while Plaintiff *alleged* that he was unable to use his arms for overhead work and that he could not perform work requiring prolonged standing or sitting, the evidence did not support a finding of limitations of such severity that sedentary work would be precluded.

8

(Document No. 15, p.4).  Defendant goes on to argue that the ALJ recognized Plaintiff's impairments, "but found that the evidence, as a whole, did not support greater than sedentary limitations." Id. (citing Tr. 23-24).

After careful review of the ALJ's decision, as well as the parties' arguments, the undersigned agrees there is a scrivener's error in the cited text of the decision. (Tr. 24). At minimum, there is missing punctuation and/or additional language, that should have been included in the disputed sentence. Id. Although Plaintiff does not acknowledge any scrivener's error in the decision, she incorrectly quotes the ALJ without proper notation. Compare (Tr. 24 and Document No. 10, p.11). Plaintiff inserts the word "and" in the above statement from the ALJ decision, even though it does not appear in the original – "While the claimant has pain **and** is unable to use his arms for…." Id. As such, the parties appear to agree that the original text of the decision is not exactly what the ALJ intended, they just disagree as to the proper correction(s). Plaintiff adds "and" and Defendant adds "alleged."

Moreover, the undersigned is not persuaded that the ALJ opined that Plaintiff "is not capable of the full range of sedentary work because he cannot perform overhead work or prolonged sitting" as Plaintiff now asserts. (Document No. 11, p.10). Rather, the ALJ clearly found that Plaintiff *was capable* of sedentary work. For example, later in the same paragraph the ALJ stated:

> The conclusion that the claimant is limited to the performance of sedentary work more than adequately accounts for his complaints of pain and limitations, particularly in light of the opinions of the State Agency medical consultants indicating that the claimant is capable of performing light exertion. In reaching this conclusion, the undersigned has relied heavily on the persuasive and compelling clinical findings of Drs. Sherman, Cassanego, Beachkofsky, and Green.

9

(Tr. 24). The undersigned notes that the State Agency medical consultants found that Plaintiff could stand and/or walk for a total of about 6 hours in an 8-hour workday, could sit for a total of about 6 hours in an 8-hour workday, and "is able to do at least work at a light exertional level." (Tr. 291, 297). In addition, the ALJ's conclusion re-asserts that based on an RFC "for the full range of sedentary work," a finding of "not disabled" is appropriate. (Tr. 25).

Defendant acknowledges that an inability to perform prolonged sitting would preclude a full range of sedentary work, and persuasively asserts that an inability to perform overhead work would not necessarily preclude the performance of sedentary work. (Document No. 15, p.4) (citations omitted).

In short, to the extent there is any inconsistency in the ALJ's findings and decision, it is properly attributed to one imperfect sentence, and not to any substantive error or other doubt about the ALJ's ultimate decision.

### 2. Consistency With Medical Evidence

Plaintiff also challenges the ALJ's RFC finding for alleged inconsistency with the medical record. (Document No. 11). Specifically, Plaintiff alleges that the ALJ erred by failing to properly consider alleged impairments involving: anxiety; patellofemoral syndrome; and Plaintiff's spine. (Document No. 11, pp.11-13).

Plaintiff first alleges that the ALJ ignored and/or failed to consider Plaintiff's mental impairments. (Document No. 11, p.11). Contrary to Plaintiff's assertions, the ALJ's decision clearly discussed Plaintiff's claims of stress and depression, as well as diagnoses of mood disorder and anxiety disorder. (Tr. 21-22). The ALJ specifically opined that

> The claimant's medically determinable mental impairments of Mood Disorder due to chronic pain with depressive symptoms and Anxiety Disorder due to chronic pain, considered singly and in combination, do not cause more than minimal limitation in the

10

claimant's ability to perform basic mental work activities and are therefore nonsevere.

(Tr. 22). Thus, Plaintiff's contention that "the ALJ is wrong to note that there is no evidence of anxiety in the record" is without merit. (Document No. 11, p.11). Clearly, the ALJ did recognize evidence of anxiety, and considered Plaintiff's anxiety to be a "medically determinable" impairment; he just found such impairment to be "nonsevere," and to cause no more than "minimal limitation in the claimant's ability to perform." (Tr. 22).

The undersigned finds Defendant's argument on the issue of mental impairments to be persuasive here, including the following:

> the ALJ did not err in considering Plaintiff's failure to obtain professional mental health treatment (Tr. 22; P. Br. at 11). While Plaintiff did eventually obtain professional mental health treatment at New River Behavioral Health in June of 2010, three days before the hearing (Tr. 35, 437-442), his failure to seek such treatment during the majority of the time period at issue (see, *e.g.*, Tr. 397, 399, 401-402, 405) undercuts the credibility of his subjective complaints regarding a disabling mental condition. See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility.").

(Document No. 15, p.7). The undersigned observes that the ALJ decision provides that Dr. Bryan referred Plaintiff "to New River for mental health evaluation and treatment" on October 29, 2009, but that in follow-up visits on December 23, 2009 and March 29, 2010, Plaintiff admitted "that he had still not seen New River for anxiety." (Tr. 20).

As also noted by Defendant, "Plaintiff has failed to prove that he was more limited than found by the ALJ." (Document No. 15, p.9). In fact, Plaintiff's brief does not allege that Plaintiff's mental impairments support a finding that he is disabled, or specifically explain why he is incapable of a full range of sedentary work. (Document No. 11, pp.11-12).

11

Next, Plaintiff asserts that the ALJ failed to properly assess the patellofemoral syndrome in Plaintiff's left knee. (Document No. 11, p.12). Although Plaintiff may disagree with the ALJ's conclusions, it is again clear that the ALJ considered substantial medical evidence related to alleged problems with Plaintiff's left knee. See (Tr. 20) ("chronic left knee pain"); (Tr. 21) (pain and weakness in "left leg had completely resolved"; "reported having continued left knee pain . . . [e]examination of left knee revealed no swelling or deformity . . . no instability in the knee"; "no swelling of the left knee. Dr. Green injected the claimant's knee and advised him to return as needed."); see also, (Tr. 24) ( temporary relief from injection, uses cane regularly, "X-rays taken of the left knee were unremarkable").

The undersigned agrees with Defendant that there is substantial support for the ALJ's determination that Plaintiff's left knee did not present a severe impairment, and that "Plaintiff failed to carry his burden of proving he was more limited than found by the ALJ." (Document No 15, p.10).

Plaintiff further argues that the ALJ's RFC is flawed with regard to Plaintiff's spinal impairments. (Document No. 11, p.12). As with the left knee condition discussed above, the undersigned is again persuaded that the ALJ decision indicates substantial medical evidence addressing the condition of Plaintiff's spine was considered. See (Tr. 20-21, 24); see also (Document No. 15, pp.11-12). As noted by Defendant, the ALJ credited evidence of Plaintiff's disc disease and spinal stenosis, and "found these conditions, among others, imposed limitations limiting Plaintiff to sedentary work."). (Document No. 15, p.12) (citing Tr. 23); see also (Tr. 24):

> There is no question that the claimant's functional capacity is restricted due to his combined musculoskeletal impairments. However, the evidence shows that the claimant has good use of his arms and legs and moves about in a satisfactory manner. Imaging

12

> studies show only mild degenerative disc disease in the lumbar spine and moderate degenerative disc disease in the cervical spine.
> . . .
> the Administrative Law Judge concludes that the claimant's allegations of disabling pain and other disabling physical symptoms are not supported by the record as a whole. The conclusion that the claimant is limited to the performance of sedentary work more than adequately accounts for his complaints of pain and limitations, particularly in light of the opinions of the State Agency medical consultants indicating that the claimant is capable of performing light exertion.

Plaintiff correctly notes in discussing his back problems and the medical evidence, that treatment providers noted that Plaintiff "cannot do hard physical labor," that he was obviously in pain, and that "hard physical labor is not going to be in his best interest." (Document No. 11, pp.3-4) (citing Tr. 280, 283). However, the issue here is not whether Plaintiff was/is experiencing pain, or whether he can do hard physical labor; those questions do not appear to be disputed. Rather, the question is whether Plaintiff can show he lacks the capacity to perform sedentary work as prescribed by the ALJ. The medical records Plaintiff relies on above to establish his pain and inability to do hard physical labor reveal that the same treatment provider "encouraged him to go back to school to find another profession." (Tr. 283). That treatment provider opined that Plaintiff "is quite an intelligent man." Id.

Based on the foregoing, the undersigned is not convinced that the ALJ erred in his assessment of Plaintiff's RFC.

**B.    Applicability Of Medical Vocational Guidelines**

Plaintiff also argues that the ALJ erred in relying on the Medical Vocational Guidelines because they "cannot be used to direct a finding of 'not disabled' when the claimant is not capable of performing the full range of work at given exertional level." (Document No. 11, p.10) (citing SSR 83012). Plaintiff contends that the ALJ was required "to identify and cite

occupations which would accommodate Mr. Tobol's inability to engage in overhead work and prolonged sitting or standing." Id.

As discussed above, the undersigned is satisfied that substantial evidence supports the ALJ's finding that Plaintiff could perform a full range of sedentary work. Accordingly, Plaintiff's arguments against the ALJ's reliance on the Medical Vocational Guidelines fail. See (Document No. 15, p.5). The undersigned also finds a recent decision by this Court instructive:

> Having concluded that the ALJ's RFC determination that Plaintiff could perform a full range of sedentary work is supported by substantial evidence, this assignment of error fails as well. The ALJ's reliance on grid rule 201.28, was appropriate. 20 C.F.R. § 404, Subpart P, Appendix 2, § 200. Accordingly, there is no merit to Plaintiff's argument that the ALJ was required to solicit vocational expert testimony.
>
> Although the medical records establish that the Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056–57.
>
> Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir.1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir.1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

Clemens v. Astrue, 3:11CV599-MOC-DSC, 2012 WL 1698293 at *7 (W.D.N.C. Apr. 24, 2012) adopted by 2012 WL 16997 (W.D.N.C. May 15, 2012).

Based on the foregoing the undersigned is persuaded that the ALJ's reliance on the Medical Vocational Guidelines, or "Grid," was appropriate.

## IV.   CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.   RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 10) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED.**

## VI.   TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: September 4, 2013

David C. Keesler
United States Magistrate Judge